## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
In re                                                          :     Chapter 15
                                                               :
Altos Hornos de México, S.A.B. de C.V.[1],   :     Case No. 16-11890 (KG)
                                                               :
Debtor in a Foreign Proceeding.            :     **Ref. Docket No. 6**
---------------------------------------------------x

## ORDER GRANTING PROVISIONAL RELIEF

Upon consideration of the motion (the "Motion")[2] of the Foreign Representative of the Debtor in the SP Proceeding under the SP Law, pending before the Mexican Court, for entry of a provisional order, pursuant to sections 105(a), 362, 1519 and 1521 of the Bankruptcy Code, granting an interim stay of execution against the Debtor's assets and applying section 362 of the Bankruptcy Code in the Chapter 15 Case on an interim basis, pursuant to sections 105(a), 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code; and the Court having reviewed the Motion, the Petition, and the Foreign Representative Declaration, and having considered the statements of counsel with respect to the Motion at a hearing before the Court (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given under the circumstances; and no other or further notice being necessary or required; and the Court having determined that the legal and factual bases set forth in the Motion, the Petition and the Foreign Representative Declaration, and all other pleadings and proceedings in this case establish just cause to grant the relief ordered herein, and after due deliberation therefore,

---

[1] The last four digits of the Debtor's U.S. and Mexican taxpayer identification numbers are 0706 and 6U10, respectively. The Debtor's executive headquarters are located at Prolongación Juarez s/n, Col. La Loma, Monclova, Coahuila, Mexico, 25770.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

## THE COURT HEREBY FINDS AND DETERMINES THAT:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that (i) the Debtor is subject to a pending "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy Code, (ii) the Foreign Representative is a "foreign representative" as that term is defined in section 101(24) of the Bankruptcy Code, and (iii) all statutory elements for recognition of the SP Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code.

D. The Foreign Representative has demonstrated that unless this Order is issued, there is a material risk that one or more parties in interest will take action to control, possess, or execute upon the Debtor's assets, thereby interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code, interfering with and causing harm to the Debtor's efforts to reorganize in an orderly manner and its efforts to enforce the Mexican Plan and the Lifting Order in the United States. As a result, the Debtor will suffer immediate and

irreparable harm for which it will have no adequate remedy at law and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel.

E.     The Foreign Representative has demonstrated that no injury will result to any party that is greater than the harm to the Debtor's business, assets, and property in the absence of the requested relief.

F.     All creditors and other parties in interest are sufficiently protected by the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

G.     The interests of the public will be served by entry of this Order.

H.     The Foreign Representative and the Debtor are entitled to the full protections and rights available pursuant to section 1519(a)(1)-(3) of the Bankruptcy Code.

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.     The Motion is granted as set forth herein.

2.     Pending entry of a recognition order pursuant to section 1517, the Foreign Representative and the Debtor shall be entitled to the full protections and rights under section 1519(a)(1), which protections shall be coextensive with the provisions of section 362 of the Bankruptcy Code, and this Order shall operate as a stay of any execution against the Debtor's assets within the territorial jurisdiction of the United States.  Specifically, all persons and entities are hereby enjoined from (a) continuing any action or commencing any additional action involving the Debtor, its assets or the proceeds thereof, or its former, current or future directors and officers, (b) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtor or its assets, (c) commencing or continuing any action to create, perfect or enforce any lien, setoff or other claim against the

01:19096939.6

- 3 -

Debtor or any of its property, or (d) managing or exercising control over the Debtor's assets located within the territorial jurisdiction of the United States except as expressly authorized by the Debtor in writing.

3. Pursuant to sections 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 of the Bankruptcy Code is hereby made applicable in this Chapter 15 Case to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States.

4. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

5. Pending disposition of the Petition, pursuant to section 1519(a)(3) and 1521(a)(7) of the Bankruptcy Code, section 362 is applicable to the Debtor and the property of the Debtor within the territorial jurisdiction of the United States in this Chapter 15 Case.

6. Any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than seven (7) business days' written notice to counsel to the Foreign Representative: Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Matthew B. Lunn, Esq. and Maris J. Kandestin, Esq.), and the Court will hear such motion on a date to be scheduled by the Court.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative shall not be subject to any stay in the implementation, enforcement or realization

01:19096939.6

of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. Pursuant to Federal Rule 65(b), made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice is required prior to the entry and issuance of this Order. Pursuant to Bankruptcy Rule 7065, the provisions of Federal Rule 65(c) are hereby waived, to the extent applicable. Notice of the Motion as set forth therein is adequate and sufficient service and notice of the Motion and this Order and no other or further notice need be provided.

9. This Court shall retain jurisdiction with respect to any and all matters relating to the interpretation or implementation of this Order.

Dated: August 17, 2016
Wilmington, Delaware

KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

01:19096939.6