IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------x
In re                                            :    Chapter 15
                                                 :
Altos Hornos de México, S.A.B. de C.V.[1],       :    Case No. 16-11890 (KG)
                                                 :
        Debtor in a Foreign Proceeding.          :    Ref. Docket Nos. 31 and 33, 3 5
------------------------------------------------------x

## ORDER AMENDING RECOGNITION ORDER

In consideration of the *Notice of (A) Change in Status of Foreign Representative and (B) Proposed Order Amending Recognition Order* (the "Notice") and the *Certification of No Objection Regarding Docket No. 33* (collectively, the "Notice & Certification")[2] of petitioner, Andres González Saravia Coss, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the above-captioned debtor (the "Debtor") in the proceeding (the "SP Proceeding") under Mexico's Suspension of Payments law (the "SP Law"), requesting that the Court recognize that certain order, dated October 19, 2016 (the "Appointment Substitution Order"), of the First Civil Court of First Instance for the Judicial District of Monclova, Coahuila, Mexico (the "Mexican Court") substituting the appointment it had previously given to Francisco Javier Gaxiola Fernández as the Foreign Representative to Andres González Saravia Coss and authorizing Andres González Saravia Coss to act as the Foreign Representative of the Debtor in this chapter 15 proceeding; and this Court having jurisdiction to consider the Notice & Certification pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended*

---

[1] The last four digits of the Debtor's U.S. and Mexican taxpayer identification numbers are 0706 and 6U10, respectively. The Debtor's executive headquarters are located at Prolongación Juarez s/n, Col. La Loma, Monclova, Coahuila, Mexico, 25770.

[2] Capitalized terms used herein, but not otherwise defined, have the meaning given to them in the Notice & Certification, as applicable.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Notice & Certification being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that enforcement of the Appointment Substitution Order is in the best interests of the Foreign Representative, the Debtor, its estates and creditors and all parties in interest in this chapter 15 proceeding; and upon the record of this chapter 15 proceeding; and after due deliberation thereon; and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Appointment Substitution Order is hereby enforced and given full force and effect in the United States and is binding on all persons subject to this Court's jurisdiction pursuant to sections 105(a), 1507, and 1521 of the Bankruptcy Code.

2. The *Order Granting (I) Recognition of Foreign Main Proceeding; (II) Enforcement of Lifting Order; and (III) Certain Related Relief* [Docket No. 31] (the "Recognition Order") is hereby amended and Andres González Saravia Coss is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this chapter 15 proceeding.

3. The Recognition Order shall apply with equal force to Andres González Saravia Coss, in his capacity as the duly authorized foreign representative, as of the date of the entry of the Appointment Substitution Order in the SP Proceeding.

4. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and

may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

5. A copy of this Order shall be served, within three business days of entry of this Order, by facsimile, electronic mail, or first class mail, upon the Master Service List and the Notice Parties, each as defined in the *Order Scheduling Hearing and Specifying the Form and Manner of Service and Publication Notice* [Docket No. 18]. Such service, along with service of the Notice as set forth in that certain *Affidavit of Service* [Docket No. 34], shall be good and sufficient service and adequate notice for present purposes.

6. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment, or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in and through this chapter 15 proceeding; and (c) any request by an entity for relief from the provisions of this Order, for cause shown.

Dated: December 1, 2016
Wilmington, Delaware

/s/ Kevin Gross
KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE